AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| TIMOTHY A. LAUFER | CASE NUMBER: 6:06-mj-1376 |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. During on or about October 7, 2006 and October 10, 2006, in Brevard County, in the Middle District of Florida, defendant did,

> Knowingly and willfully persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce, a person who had not attained the age of eighteen years to engage in sexual activity for which he could have been charged with a criminal offense, and did so by using a facility or means of interstate commerce, that is, a computer,

in violation of Title 18, United States Code, Section 2422(b). I further state that I am a Task Force Agent with Bureau of Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Signature of Complainant
Daniel Ogden

Sworn to before me and subscribed in my presence,

October 10, 2006                at            Orlando, Florida

DAVID A. BAKER
United States Magistrate Judge
Name & Title of Judicial Officer                  Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR THE ISSUANCE OF A COMPLAINT

I, Daniel L. Ogden, after being duly sworn, depose and state:

## INTRODUCTION

1. I am a Task Force Agent with the United States Immigration and Customs Enforcement, formerly called the United States Customs Service. I am currently assigned to the Office of the Resident Agent in Charge, Cocoa Beach, Florida, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of the United States Immigration and Customs Enforcement in the counties of Brevard and Volusia in the Middle District of Florida. I am a cross-designated law enforcement officer of the United States within the meaning of Section 1401(i) of Title 19, United States Code, and am empowered to investigate and make arrests for violations of U.S. criminal laws within the meaning of Section 2510(7) of Title 18, United States Code.

2. I have been assigned as a Task Force Agent with United States Immigration and Customs Enforcement since January 10, 2006 and have been assigned to Cocoa Beach during that period. I am currently employed by the Brevard County Sheriff's Office and assigned to the Special Victims Unit to investigate Internet crimes against children. I have been a sworn law enforcement officer in the State of Florida since June 19, 1998.

3. As a Task Force Agent, my responsibilities include investigating possible criminal violations of U.S. Customs and related laws. I have received over 250 hours of specialized training in the investigations of sex crimes, child exploitation, child pornography and computer crimes. I have been involved in investigations involving child pornography and online solicitation/enticement of minors. Additionally, I have been involved in authoring and have participated in the execution of search warrants involving searches and seizures

of computers, computer equipment, software and electronically stored information.

4. This affidavit is made from personal knowledge based on my participation in this investigation. This affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a complaint against Timothy LAUFER for a violation of Title 18, United States Code, Section 2422(b), that is, knowingly and willfully attempting to persuade, induce, entice or coerce a person less than eighteen years old to engage in a sexual act for which he could have been charged with a criminal offense, by use of a facility or means of interstate commerce, that is, a computer. Accordingly, I have not set forth each and every fact learned during the course of this investigation.

## FACTS OF THE INVESTIGATION

5. On October 7, 2006, at about 11:20 p.m., your affiant initiated an undercover investigation after being contacted online by a person identified by the user name Ranger024@aol.com. The communication continued until about 1:32 a.m. on October 8, 2006. During the online communication, the person identified as "Ranger024" (hereinafter referred to as LAUFER) identified himself as "Tim" and stated he was eighteen years old. Your affiant also received two images via email from LAUFER, one of himself and one of his Nissan Pathfinder.

6. As the online communication progressed, LAUFER initiated sexual conversation and wrote, "are there a lot of cops out there? Cause like I am 18 and your [sic] 14. I could be in trouble. hehe." LAUFER then asked your affiant (portraying a fourteen-year-old girl named "Jamie") if she shaved. LAUFER further wrote, "u ever been eaten out?" and "mmm. Well I would love to do it."

2

7. LAUFER proposed that they get together. LAUFER requested the address of the person he believed to be the fourteen-year-old girl, but your affiant declined. Your affiant, posing as the fourteen-year-old girl, suggested that they meet at the 7-11 across the street from Merritt Island High School. LAUFER agreed.

8. LAUFER requested that the fourteen-year-old girl wear a thong panty for their encounter. LAUFER sent a map of the area of Merritt Island High School and asked the fourteen-year-old if she could meet him there at 12:45 a.m. on October 10, 2006. LAUFER agreed to bring some alcohol. LAUFER asked the fourteen-year-old girl if there was a chance they would have sexual intercourse. LAUFER then asked if she was a virgin and, when asked if that was bad, LAUFER wrote, "hell no. I've never taken a girls virginity b4." LAUFER advised the fourteen-year-old that he was worried about blood getting in his vehicle and advised that he could bend her over outside of the vehicle and have sexual intercourse with her. LAUFER also offered to bring a towel in case there was a mess. LAUFER communicated that he would bring condoms and alcohol and wanted to meet on Monday, October 9, 2006, at night.

9. Your affiant served a summons on American Online, the Internet Service Provider for the screen name "Ranger024," which provided subscriber information of the master account belonging to Mary Laufer, 14365 Appalachian Trail, Chesterfield, MO 63017. Your affiant contacted law enforcement in Missouri, who searched their databases and obtained the driver's license and vehicle registration for Timothy A. LAUFER. The driver's license picture appeared to be the same person in the image sent via email by LAUFER. The vehicle registration revealed a Nissan Pathfinder was registered to the

3

parents of LAUFER.

10. On October 9, 2006, your affiant was contacted online by LAUFER. LAUFER asked the fourteen-year-old if she had shaved. The communication, both online and via phone (with Brevard County Sheriff's Office Analyst Laura Cline acting in an undercover capacity by phone as "Jamie"), culminated with LAUFER asking the fourteen-year-old girl if she promised to meet him by the high school in Merritt Island at 12:30 a.m. that night. At approximately 12:20 a.m. on October 10, 2006, LAUFER was observed turning onto North Courtenay Parkway and was eventually stopped on Mustang Way in front of Merritt Island High School.

11. LAUFER was advised of his Miranda Rights and agreed to talk to your affiant and ICE Special Agent K. Jim Phillips about the investigation. LAUFER acknowledged that he had been communicating online as "Ranger024" with a fourteen-year-old girl known as "Jamie." LAUFER stated that he met "Jamie" online and had traveled from Altamonte Springs to meet her. LAUFER stated that he did not drink alcohol and that he brought it for who he thought was a fourteen-year-old girl.

12. LAUFER also acknowledged that he did have sexual communications with the fourteen-year-old girl and that it was inappropriate. LAUFER further stated he was not planning on having sexual intercourse with the girl this time, but that he probably would have performed or received oral sex with the fourteen-year-old girl had the situation presented itself.

## CONCLUSION

13.  On the basis of the foregoing facts and evidence, your affiant submits that probable cause exists to charge Timothy A. LAUFER with a violation of Title 18, United States Code, Section 2422(b) (coercion or enticement of a minor); and respectfully requests that the Court issue a warrant for his arrest.

Further your affiant sayeth naught.

_____
Task Force Agent Daniel L. Ogden
U.S. Immigration and Customs Enforcement


SUBSCRIBED AND SWORN TO
BEFORE ME THIS 10th DAY
OF OCTOBER, 2006, AT
ORLANDO, FLORIDA.

_____
DAVID A. BAKER
United States Magistrate Judge